**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| Matthew Blakeley, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) | No. 2:22-cv-00342 |
| v. | ) ) ) | Removed from: |
| National Collegiate Student Loan Trust, | ) ) ) | Milwaukee County Circuit Court, Civil Divisions |
| National Collegiate Master Student Loan Trust, | ) ) ) | Case No.: 2021 CV 001052 |
| National Collegiate Master Student Loan Trust I, | ) ) ) | |
| NCT, a de facto entity doing business as, or as a surviving entity of a de facto merger of entities known as: | ) ) ) ) | |
| National Collegiate Master Student Loan Trust | ) | |
| National Collegiate Student Loan Trust 2003-1 | ) | |
| National Collegiate Student Loan Trust 2004-1 | ) | |
| National Collegiate Student Loan Trust 2004-2 | ) | |
| National Collegiate Student Loan Trust 2005-1 | ) | |
| National Collegiate Student Loan Trust 2005-2 | ) | |
| National Collegiate Student Loan Trust 2005-3 | ) | |
| National Collegiate Student Loan Trust 2006-1 | ) | |
| National Collegiate Student Loan Trust 2006-2 | ) | |
| National Collegiate Student Loan Trust 2006-3 | ) | |
| National Collegiate Student Loan Trust 2006-4 | ) | |
| National Collegiate Student Loan Trust 2007-1 | ) | |
| National Collegiate Student Loan Trust 2007-2 | ) | |
| National Collegiate Student Loan Trust 2007-3 | ) | |
| National Collegiate Student Loan Trust 2007-4 | ) | |
| c/o Wilmington Trust – Registered Agent | ) | |
| 1100 N. Market St. | ) | |
| Wilmington, DE 19890 | ) ) | |
| and | ) ) | |
| Wilmington Trust Company, | ) | |
| 1100 N. Market St. | ) | |
| Wilmington, DE 19890 | ) ) | |
| Defendants. | ) | |

# NOTICE OF REMOVAL BY
# NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4"), improperly named in the Complaint as "NCT, a de facto entity doing business as, or as a surviving entity of a de facto merger of entities known as … National Collegiate Student Loan Trust 2006-4," by its attorneys, respectfully files this Notice of Removal to remove this action from the Milwaukee County Circuit Court, Civil Division to the United States District Court for the Eastern District of Wisconsin. In support of this Notice of Removal, NCSLT 2006-4 states as follows:

## I. STATEMENT OF THE CASE

1. On February 18, 2021, plaintiff Matthew Blakeley filed a complaint in Milwaukee County Circuit Court entitled *Matthew Blakeley, individually and on behalf of a class of others similarly situated v. National Collegiate Master Student Loan Trust I, National Collegiate Master Student Loan Trust, and National Collegiate Student Loan Trust*, Case No. 2021CV001052 (the "State Court Action").

2. On January 31, 2022, plaintiff filed an Amended Complaint (Dkt. 78) ("Amended Complaint") attempting to add additional defendants, the Wilmington Trust Company, and an entity identified by plaintiff as "NCT, a de facto entity doing business as, or as a surviving entity of a de facto merger of entities known as: National Collegiate Master Student Loan Trust, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate

2

Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, and National Collegiate Student Loan Trust 2007-4, c/o Wilmington Trust – Registered Agent, 1100 N. Market St., Wilmington, DE 19890" (hereinafter referred to as "NCT"). A copy of the Amended Complaint, together with exhibits, is attached as **Exhibit A** hereto.

3. Upon information and belief, no legal entity exists by the name of NCT, and NCSLT 2006-4 has not been named as a defendant in its individual capacity. Although NCT is not a legal entity, NCSLT 2006-4 is not properly named, nor has NCSLT 2006-4 been properly served, on or about February 25, 2022, NCSLT 2006-4 became aware of the Amended Complaint.

4. Plaintiff alleges the defendants attempted to collect student loan obligations while knowing they lacked the ability to prove they owned the loans in violation of Wisconsin's false advertising statute, Wis. Stat. § 100.18, the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101, *et seq.*, and seeking a declaratory judgment under Wis. Stat. § 806.04.

5. Plaintiff purports to bring each of his claims on behalf of himself as well as a putative class of similarly situated individuals in Wisconsin including "[a]ny Wisconsin resident whom the Trusts and/or NCT, directly or indirectly through its registered agent(s), communicated with alleging that a debt was owed." Plaintiff alleges a sub-class of "[a]ny Wisconsin resident who paid the Trusts and/or NCT, directly or indirectly, any amounts in response to any communication that alleged they owed a debt." Exhibit A, ¶ 68.

6. Plaintiff seeks various relief for himself and on behalf of the putative class, including: (1) "actual economic and noneconomic damages," including "double damages," under § 100.18, *et seq.* (Exhibit A, ¶¶ 108-09); (2) damages in the form of "payments made to

3

[defendants] which were not lawfully owed" (*id.*, ¶ 19); (3) a declaratory judgment and "corresponding injunctive relief" that defendants "lack the rights to enforce or to collect the debts alleged to be owed" by plaintiff and the putative class and sub-class (*id.*, ¶ 113, and p. 31, sub. v); (4) "actual damages and penalties and including the statutory relief" available under the WCA (*id.*, ¶ 117); (5) "costs, including attorney's fees, and any other damages" pursuant to Wis Stat. § 100.18 or Wis. Stat. § 425.304 (*id.*, p. 31, sub. vii and viii); and (6) "such other and further relief as may be appropriate and proper" (*id.*, p. 31, sub. ix).

7. Specifically, plaintiff alleges defendants "demand[ed] sums not legally due … which are barred from collection against Blakeley and Plaintiff Class members, as a result of an inability to legally prove their claims" (*id.*, ¶ 107), and seeks "a declaration that the Trusts, NCT, the Defendant Class and Wilmington in its capacity as Trustee lack the rights to enforce or to collect the debts alleged to be owed" (*id.*, ¶ 113). In other words, plaintiff seeks a declaratory judgment the loans owned by NCSLT 2006-4 and the other named or misnamed defendants are unenforceable, and prohibiting NCSLT 2006-4 and others from collecting those loans in the State of Wisconsin.

## II. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is (1) complete diversity of citizenship between plaintiff and defendants; and (2) more than $75,000, exclusive of interest and costs, is in controversy.

9. Plaintiff alleges he is a citizen of Wisconsin State. Dkt. 78, ¶ 21.

10. Plaintiff purports to assert claims on behalf of a putative class of Wisconsin citizens. *Id.*, ¶ 68.

4

11. NCSLT 2006-4 is not a citizen of Wisconsin because it is a Delaware Statutory Trust organized and existing under the laws of the State of Delaware. National Collegiate Master Student Loan Trust, I is not a citizen of Wisconsin because it too is a Delaware Statutory Trust organized and existing under the laws of the State of Delaware. Neither the National Collegiate Student Loan Trust, nor the National Collegiate Master Student Loan Trust, two of the originally named defendants, are entities that exist. And, as stated above, NCT does not exist.

12. Further, upon information and belief, Wilmington Trust Company is a corporation organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

13. Therefore, there is complete diversity between plaintiff, including the putative class, and the purported defendants in this action.

14. Additionally, plaintiff seeks "actual economic and noneconomic damages" including "payments made to [NCSLT 2006-4] which were not lawfully owed," declaratory and injunctive relief that NCSLT 2006-4 cannot enforce or collect a debt from plaintiff, "double damages" for his alleged pecuniary loss, plus other statutory damages, and attorney's fees. *Id.*, ¶¶ 19, 108-09. Plaintiff owes a student loan to NCSLT 2006-4. Based upon the allegations in the Amended Complaint and the relief sought, the amount in controversy relating to plaintiff's individual loan exceeds $75,000, exclusive of interest and costs, and the jurisdictional amount of 28 U.S.C. § 1332(a) is satisfied.

### III. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

15. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there exists minimum diversity between the

parties; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

16. Minimum diversity pursuant to CAFA exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Plaintiff alleges he is a citizen of Wisconsin. NCSLT 2006-4 is not a citizen of Wisconsin because it is a Delaware Statutory Trust organized and existing under the laws of the State of Delaware. Therefore, there is minimum diversity pursuant to CAFA.

18. As stated above, plaintiff defines the putative class as "[a]ny Wisconsin resident whom the Trusts and/or NCT, directly or indirectly through its registered agent(s), communicated with alleging that a debt was owed." Exhibit A, ¶ 68. Plaintiff does not define the class period; however, plaintiff's claim under § 100.18 is subject to a three-year statute of limitations (and plaintiff's claim under the WCA is subject to a one-year statute of limitations). Within the applicable statute of limitations, NCSLT 2006-4 has directly or indirectly communicated with more than 100 student loan borrowers regarding loans owed to NCSLT 2006-4. Accordingly, plaintiff alleges a putative class with members exceeding 100.

19. The aggregate value of the putative class member's loans owed to NCSLT 2006-4 exceeds $5,000,000. Thus, based upon the allegations in the Amended Complaint and the relief sought, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Therefore, this Court has jurisdiction under CAFA.

### IV. PROCEDURAL REQUIREMENTS

20. Because the Amended Complaint was filed on January 31, 2022, and, although NCSLT 2006-4 has not been properly served as of this filing, NCSLT 2006-4 only received

6

Case 2:22-cv-00342-LA    Filed 03/17/22    Page 6 of 8    Document 3

notice of the Amended Complaint as of February 25, 2022; thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. 1446(b)(1).

21. Pursuant to 28 U.S.C. § 1332(b)(2), NCSLT 2006-4 also represents to this Court it has received consent to this Notice of Removal from the only other entities existing and properly named in the Complaint or Amended Complaint – National Collegiate Master Student Loan Trust I, who was named in the original Complaint, and Wilmington Trust Company, who was recently named in the Amended Complaint. Upon information and belief following reasonable inquiry, no entities exist by the names National Collegiate Student Loan Trust, National Collegiate Master Student Loan Trust, or NCT.

22. A copy of this Notice of Removal is being served upon plaintiff and will be filed in the State Court Action.

23. The State Court Action is located within the Eastern District of Wisconsin. Therefore, venue for purposes of removal is proper because the United States District Court for the Eastern District of Wisconsin embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

24. Removal of the State Court Action is therefore proper under 28 U.S.C. §§ 1441 and 1446.

## V. CONCLUSION

By this Notice of Removal, National Collegiate Student Loan Trust 2006-4 does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. National Collegiate Student Loan Trust 2006-4 intends no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

Dated this 17th day of March, 2022

        **SESSIONS, ISRAEL & SHARTLE, LLC**

        *s/ Andrew E. Cunningham*
        Andrew E. Cunningham
        Morgan I. Marcus
        141 West Jackson Boulevard, Suite 3550
        Chicago, Illinois 60604
        Telephone: (312) 578-0992
        E-mail: acunningham@sessions.legal
                        mmarcus@sessions.legal

        *Attorneys for Defendant*
        *National Collegiate Student Loan Trust 2006-4*